UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROSEANN SALADINO, as Administratrix of the goods, chattels and credits of Salvatore Scarpinito, deceased

                                Plaintiff,               **MEMORANDUM AND ORDER**
                                                                 16 CV 1273 (DRH) (SIL)

       - against -

UNITED STATES OF AMERICA,

                                Defendant.
----------------------------------------------------------------X

**APPEARANCES:**

**SOFFEY & SOFFEY LLC**
Attorneys for Plaintiff
821 Franklin Avenue, Suite 304
Garden City, NY 11530
By:    Joseph E. Soffey, Esq.

**UNITED STATES ATTORNEYS OFFICE**
Attorneys for Defendant
610 Federal Plaza
Central Islip, NY 11722
By:    Diane C. Leonardo-Beckmann, Esq.

**HURLEY, Senior District Judge:**

       Roseann Saladino ("plaintiff" or "Saladino") commenced this action as Administratrix of the estate of Salvatore Scarpinito ("Scarpinito") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. Presently before the Court is a motion to dismiss the Complaint by the United States ("defendant" or the "government"). Despite the Court having set a briefing schedule setting forth the date by which plaintiff was to serve any opposition papers, plaintiff has not responded to the motion. For the reasons set forth below, the government's motion is granted.

**BACKGROUND**

1

Plaintiff's father, Scarpinito, was a veteran of the United States Armed Services. On or about September 19, 2013, while Scarpinito was a patient at a medical facility operated by the Department of Veterans Affairs, an employee of the facility injured Scarpinito's ear drum while attempting to remove ear wax from his ear. As a result, Scarpinito suffered permanent loss of hearing.

On July 30, 2014, Scarpinito filed an administrative claim with the United States Department of Veterans Affairs. By letter dated March 26, 2015, the Department of Veterans Affairs notified Scarpinito's counsel that said claim was "not amenable to administrative resolution." (Compl. ¶ 14.) Subsequently, Scarpinito died on May 5, 2015. The "Letters for the estate of [the] decedent" naming plaintiff administratrix of Scarpinito's estate were issued by the Surrogate of Nassau County on November 20, 2015. (*Id.* ¶ 3.) Plaintiff commenced this action on March 15, 2016.

## DISCUSSION

### I. *Legal Standard*

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.,* 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009). First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly,* 550 U.S. at 555. Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly,* 550 U.S. at 556–57) (internal citations omitted); *see In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; accord *Harris*, 572 F.3d at 72.

## II.     Plaintiff's FTCA Claim

The doctrine of sovereign immunity generally precludes suit against the federal government and its agencies. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994). In passing the FTCA, however, Congress "waived the sovereign immunity of the United States for certain torts committed by federal employees." *Id.* The FTCA provides that a suit against the United States is the exclusive remedy for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a). In other words, the FTCA provides individual government employees with

immunity from common law tort claims if the allegedly tortious conduct occurred within the scope of their employment. *Rivera v. United States,* 928 F.2d 592, 608 (2d Cir. 1991). Additionally, the FTCA requires that before bringing suit "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail," otherwise known as the exhaustion requirement. 28 U.S.C. § 2675(a); *see McNeil v. United States,* 508 U.S. 106, 112–113 (1993). Specifically, "a tort claim against the United States shall be forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues and then brought to federal court within six months after the agency acts on the claim." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015) (internal quotation marks and citations omitted).

Recently, the Supreme Court held that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," meaning that a court "may pause the running" of the FTCA's time limitations. *Kwai Fun Wong*, 135 S. Ct. at 1631, 1638. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Here, there is no dispute that plaintiff filed her claim in federal court more than six months after the Department of Veterans Affairs denied Scarpinito's administrative claim. Approximately a year passed between the March 26, 2015 denial letter and the filing of this action on March 15, 2016. Moreover, in failing to respond to defendant's motion, plaintiff has failed to meet her burden of establishing that equitable tolling is warranted here. The Court notes that in a pre-motion letter to the Court dated June 1, 2016, plaintiff's counsel states that he "assum[ed] . . . that the [FTCA's six month limitation period] was tolled from the time of Mr.

4

Scarpinito's demise and did not continue until someone was appointed as an Administrator." However, having not filed any motion papers addressing the issue, plaintiff has not provided any evidence suggesting that Scarpinito's death resulted in extraordinary circumstances that required a tolling of the 6 month limitation period. *Compare Genao v. United States*, 2010 U.S. Dist. LEXIS 86079, at *12-13 (E.D.N.Y. Aug. 10, 2010) (finding equitable tolling warranted in FTCA action where plaintiff's attorneys "faced immense difficulties procuring a copy of the [decedent's] death certificate," which was needed to probate will and name an executor). Accordingly, this action is dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion is granted. The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
      May 16, 2017

                                              /s/
                                       Denis R. Hurley
                                       Unites States District Judge